IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CRIMINAL NO. 05-30031-WDS |
| DARYL R. WILSON, SR., | ) |
| Defendant. | ) |

**O R D E R**

**STIEHL, District Judge:**

This matter is before the Court on defendant's supplemental motion to compel (Doc. 30), which is, in effect, a motion for the Court to reconsider its order of May 6, 2005. In that order, the Court denied defendant's notice for production of witnesses to testify at the hearing on defendant's motion to suppress, which the Court construed as a motion to compel. Defendant's supplemental motion asserts that he needs the presence of several witnesses to defendant's arrest to support the basis for his motion to suppress, i.e., that he was unlawfully arrested, and that his subsequent statement is tainted. Defendant states that the special agents and deputy marshals whose testimony he seeks were all eyewitnesses to defendant's arrest. In its response( Doc. 31), the government again acknowledges that it bears the burden to go forward with the evidence, and that defendant still has not provided a basis for the need of the additional witnesses.

Defendant has filed a reply to the government's response (Doc. 34) and a separate motion to disqualify the office of the United States Attorney (Doc. 35) asserting that the government has threatened that it will not provide the witnesses that the defendant seeks, and has attempted to "intimidate the Court into ruling for the prosecution." The government has filed a response to the motion to disqualify (Doc. 36).

Initially, the Court notes that despite defendant's characterization, the Court does not take the government's response to defendant's supplemental motion as an attempt to intimidate the Court.

Defendant'sI supplemental motion seeks to compel the government to provide certain

witnesses at the suppression hearing. Once again, defendant has not specified *why* he needs these witnesses, other than general assertions that they might have information about defendant being coerced into giving his statement. As the Court noted in its prior ruling, the burden of going forward in this case falls squarely upon the government. In meeting that burden, the government may choose to present the testimony of some, or all of the participants in defendant's arrest, as the government elects. The government is not, however, obligated to provide defendant with all possible witnesses to the arrest. Notably, defendant has subpoena power available and can, upon a proper showing of need, seek to have the Court issue appropriate subpoenas.

However, it is the strong recommendation of the Court that counsel for the government and for the defense make a *reasonable* attempt to cooperate and resolve this without further intervention by the Court. Defense counsel should give the government specific reasons why each individual witness is sought. A laundry list of anyone who was possibly at the scene of the arrest does not amount to a reasonable effort. Similarly, a blanket refusal by the government to consider making available anyone other than S/A Regh or Deputy Woods will not amount to a reasonable effort to resolve this issue.

Accordingly, defendant's supplemental motion to compel production of witnesses is **DENIED**. Defendant's motion to remove the office of the United States Attorney is also **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 2, 2005.**

s/ **WILLIAM D. STIEHL**
    **DISTRICT JUDGE**

2